## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA,** | Civil Action No. 1:08-mc-00078 (HHK) |
| **Movant,** | United States Patent and Trademark Office |
| v. | Trademark Trial and Appeal Board |
| **UNITED STATES HISPANIC CHAMBER OF COMMERCE FOUNDATION,** | Opposition No.: 91/156,321 |
| **Non-Movant.** | Serial No.: 78/081,731 |

## OPPOSITION TO MOTION TO QUASH

Non-Movant The United States Hispanic Chamber of Commerce Foundation (the "U.S. Hispanic Chamber"), by and through its undersigned counsel of record, respectfully submits this Opposition to Movant The Chamber of Commerce of the United States of America's ("Movant") Motion to Quash Trial Testimony Subpoena *Duces Tecum* (the "Motion").

### I.    INTRODUCTION

In its Motion, Movant improperly seeks to quash the ***document*** portion of the U.S. Hispanic Chamber's subpoena issued to third party The U.S. Azerbaijan Chamber of Commerce (the "Azerbaijan Chamber"). The governing law makes clear that Movant has no standing to bring its Motion to challenge a subpoena issued to a third party where, as here, Movant is not in possession of the requested documents ***and*** does not allege any privilege or other personal right that could be protected. In addition, contrary to Movant's suggestion, the U.S. Hispanic Chamber is ***not*** seeking to reopen discovery. The four document requests at issue are very narrow and only seek "representative samples" of documents that should assist the U.S. Hispanic Chamber in its trial preparation, to validate and/or clarify the witness' testimony, and to refresh his or her memory, if necessary. Accordingly, such requests are not "discovery," but rather are proper requests allowed under Rule 45 of the Federal Rules of Civil Procedure.

For the reasons set forth below, the Court should deny Movant's Motion and award the

U.S. Hispanic Chamber all attorneys' fees and costs incurred in preparing and prosecuting this

Opposition.[1]

## II.    ARGUMENT

### A.    THE MOTION SHOULD BE DENIED BECAUSE MOVANT LACKS STANDING

The Court's jurisdiction over this matter is conferred pursuant to Rule 81 of the Federal

Rules of Civil Procedure, which states that the Federal Rules apply to "proceedings to compel

and giving of testimony or production of documents in accordance with a subpoena issued by an

officer or agency of the United States under any statute of the United States except as otherwise

provided by statute or by rules of the district court or by order of the court in the proceeding."

Fed. R. Civ. P. 81. In cases such as this one which arise out of proceedings before the U.S.

Patent and Trademark Office ("USPTO"), the applicable statute conferring jurisdiction is 35

U.S.C. § 24, which provides in relevant part:

> The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent and Trademark Office.

---

[1]    As Movant points out (Motion at 2), Movant improperly filed its Motion in the "middle of [the U.S. Hispanic Chamber's] testimony period" and prevented the U.S. Hispanic Chamber from obtaining responsive documents and from taking this and other properly noticed depositions. Because Movant filed its Motion during the U.S. Hispanic Chamber's testimonial period, this dispute is not moot. In addition, because of Movant's bad faith, the U.S. Hispanic Chamber has moved to extend its testimonial period to, *inter alia*, obtain responsive documents and take this deposition.

>     A judge of a court whose clerk issued a subpoena may enforce obedience to the
>     process or punish disobedience as in other like cases, on proof that a witness,
>     served with such subpoena, neglected or refused to appear or to testify.

Importantly, this statute does not confer standing on a non-subpoenaing party, such as Movant,

to move to quash or modify a subpoena.

Pursuant to 35 U.S.C. § 24, this Court has jurisdiction to enforce the Azerbaijan

Chamber's compliance with the U.S. Hispanic Chamber's subpoena upon the U.S. Hispanic

Chamber's motion to compel such compliance. The Court also has jurisdiction to provide relief

from the subpoena if a request for such relief comes from the subpoenaed party, here the

Azerbaijan Chamber. *In re Subpoena Served on Rum Marketing Int'l, Ltd.*, 2007 WL 2702206 at

\*3 (S.D. Fla. Sept. 14, 2007). However, the Motion was not brought by the U.S. Hispanic

Chamber or by the Azerbaijan Chamber. Instead, it is Movant, which is a party to the underlying

USPTO proceeding, which seeks to quash the subpoena. Movant's only grounds for challenging

the subpoena is that the document requests allegedly seek discovery (rather than documents for

trial) of a third-party, and because discovery in the USPTO proceeding has closed, such requests

are purportedly improper. It is indisputable that Movant lacks standing to assert this argument.

"Even outside the scope of the limited jurisdiction available under section 24, it is well

settled that a party to litigation cannot ordinarily file a motion to quash a subpoena before the

jurisdiction that issued it." *Id.* at \*4 (citations omitted). Under this well-settled principle, a

motion to quash must be made by the person to whom the subpoena is directed, and a party may

not make such a motion unless he has possession of the documents *and* some personal right or

privilege with respect to the subject matter of the subpoena. *See id*; *Novak v. Capital Mgmt. &*

*Dev. Corp.* 241 F.R.D. 389, 394 (D.D.C. 2007 (same – finding party lacked standing)); *In re*

*Application of FB Foods, Inc.*, 2005 WL 2875366, \*1 (S.D.N.Y. Nov 02, 2005) (denying a

3

party's motion to quash on the grounds, *inter alia*, lack of standing); *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004) (denying a party's motion to quash for lack of standing); *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (defendants do not have standing because they are not in possession of the materials subpoenaed and have not alleged any personal right or privilege regarding the subpoenaed materials); *see also York Group, Inc. v. York Southern, Inc.*, 2006 WL 3392247 at *2 (E.D. Ark. Oct 26, 2006) (denying a party's motion to quash for lack of standing); *Green v. Baca*, 2005 WL 283361 at *1 (C.D. Cal. Jan 31, 2005) (same); *Diamantis v. Milton Bradley Co.*, 772 F.2d 3, 4-5 (1st Cir. 1985) ("It is well settled under the standing doctrine that a party ordinarily may not assert the legal rights of others."). Further, although some courts have held that a party has standing to quash a subpoena addressed to another if the subpoena "infringers upon the movant's legitimate interests," this test only has been applied in criminal and grand jury proceedings where the Federal Rules of Civil Procedure do not apply. *Green*, 2005 WL 283361 at *1.

As stated above, Movant's *only* ground for challenging the U.S. Hispanic Chamber's subpoena is that it allegedly seeks discovery outside of the discovery period in the underlying USPTO proceeding. Movant does not even attempt to allege (much less establish) that it possesses the relevant documents *and* that any privilege or personal right applies. Instead, Movant states that it would be "severely prejudiced" as it "would not have the opportunity to conduct any follow up discovery about the [subpoenaed] material." (Motion at p. 5). First, Movant's "severe prejudice" excuse is clearly not within the very narrow exception to the general rule of standing to challenge a subpoena. Second, there is no prejudice to Movant -- it will have ample opportunity to cross-examine the Azerbaijan Chamber's witness about the

4

produced documents, and to further subpoena the Azerbaijan Chamber during Movant's rebuttal

period.

Lastly, if Movant was truly concerned about the U.S. Hispanic Chamber's "reopening of

discovery," it should have brought this Motion before the Board which has plenary jurisdiction

to resolve this dispute. The *Rum Marketing* opinion (which relied on this Court's precedent) is

directly on point and makes this clear. In that case, the non-subpoenaing party in a PTO

proceeding before the TTAB challenged a subpoena issued to a third party and sought to quash

the subpoena or, alternatively, to obtain a protective order against the production of the

subpoenaed documents. Denying the motion for lack of standing, the Court stated:

> [T]he applicable discovery procedures that govern this proceeding – that of the
> USPTO – clearly provide a mechanism by which the party to the proceeding can
> seek relief before the body that has plenary jurisdiction over the dispute. ... Had
> that occurred, the USPTO could have addressed the substantive issues raised in
> that motion, and it would have been in a far better position to do so than this
> Court that has far less knowledge or involvement in the proceedings currently
> pending. [The movant]'s failure to follow that procedure cannot be excused by
> this Court adjudicating a motion to quash that is not contemplated in Rule 81 or
> the governing statute that confers limited jurisdiction in this case. The general
> rule, that clearly should also govern this limited proceeding, is that the body that
> has plenary jurisdiction over the litigation is the body empowered to grant
> protective orders to control the scope of discovery in the litigation. *See, e.g., GFL*
> *Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189 (D.D.C. 2003).

> Therefore, whether one looks at this matter as a lack of jurisdiction to grant the
> particular relief requested, or alternatively a basic lack of standing under Rule 45,
> the inevitable conclusion is that the relief requested should be Denied. The
> pending motion was not a motion filed by the subpoenaing party to compel
> compliance, nor was it filed by the subpoenaed third party seeking relief from the
> burdens imposed upon that third party in responding to the subpoena. That denial
> is, of course, without prejudice to [the movant] pursuing this matter with the
> USPTO. ... But whether or not the subpoena here should be modified or whether
> the deposition should be rescheduled to accommodate [the movant] are matters
> that should only be addressed before the USPTO.

*Rum Marketing Int'l, Ltd.*, 2007 WL 2702206 at *5. Thus, as in *Rum Marketing*, Movant should

have brought its grievances regarding this subpoena (and all the other subpoenas) before the

Board, which is intimately familiar with this case and which has plenary authority over this

proceeding. Movant chose not to do so because as recently as February 11, 2008, the Board

warned the parties that it would not tolerate any further discovery disputes between them. This

Court should not reward Movant's forum-shopping.[2]

Because Movant lacks standing, its Motion should be denied.

## B.    THE SUBJECT SUBPOENA DOES NOT CONSTITUTE DISCOVERY

Movant's argument that the U.S. Hispanic Chamber is barred from demanding a third

party's document production at the party's trial deposition (or right before it) is without merit.

---

[2]    Movant has filed additional motions to quash based on the exact same reasoning in the
U.S. District Courts for the Eastern District of Virginia and the Southern District of New York
which, regrettably, has resulted in different rulings. The Honorable John F. Anderson of the
Eastern District of Virginia denied Movant's motion. (*See* Exhibit A). The Honorable Lawrence
M. McKenna granted Movant's motion. (*See* Exhibit B). However, this Court should not follow
Judge McKenna's ruling for three reasons. First, in that Court, Movant requested an expedited
hearing and the U.S. Hispanic Chamber did not have an opportunity to file an Opposition before
that hearing. While the U.S. Hispanic Chamber did send a one-page letter with cases after the
hearing, that Court was not privy to all the points and authorities made herein. Second, Judge
McKenna was under the misimpression that the TTAB could not resolve this dispute (*i.e.*,
whether the U.S. Hispanic Chamber was improperly seeking discovery in three different
jurisdictions after the discovery cutoff). (Exhibit B at 3). As the *Rum Marketing* Opinion makes
clear, the TTAB most certainly could and should resolve this issue. *See Rum Marketing Int'l,
Ltd.*, 2007 WL 2702206 at *5 ("[T]he applicable discovery procedures that govern this
proceeding – that of the USPTO – clearly provide a mechanism by which the party to the
proceeding can seek relief before the body that has plenary jurisdiction over the dispute. . . . .
Had that occurred, the USPTO could have addressed the substantive issues raised in that motion,
and it would have been in a far better position to do so than this Court that has far less
knowledge or involvement in the proceedings currently pending. . . . The general rule, that
clearly should also govern this limited proceeding, is that the body that has plenary jurisdiction
over the litigation is the body empowered to grant protective orders to control the scope of
discovery in the litigation"). Third, as set forth above, the governing law makes clear that there
is only one exception to the standing requirement for bringing a motion to quash – that the
movant has possession of the documents *and* some personal right or privilege with respect to the
subject matter of the subpoena. The U.S. Hispanic Chamber respectfully submits that because
Judge McKenna did not have all the points and authorities included herein when he ruled, he
erred in finding that Movant had standing to press its motion to quash in that Court.

6

Rule 45 specifically provides for the right to demand production of documents for trial. Rule 45

provides, in relevant part:

> A command to produce documents, electronically stored information, or tangible
> things or to permit the inspection of premises may be included in a subpoena
> commanding attendance at a deposition, hearing, or trial, or may be set out in a
> separate subpoena.

> A person commanded to produce documents, electronically stored information, or
> tangible things, or to permit the inspection of premises, need not appear in person
> at the place of production or inspection unless also commanded to appear for a
> deposition, hearing, or trial.

Fed. R. Civ. P. 45(a)(1)(C), 45(c)(2)(A). As stated in *Puritan Inv. Corp. v. ASLL Corp.*, 1997

WL 793569 *1 (E.D. Pa. 1977), cited in Movant's Motion, "[t]rial subpoenas may be used to

secure documents at trial for the purpose of memory refreshment or trial preparation ... ." The

documents demanded in the subpoena are the documents that will be used by the U.S. Hispanic

Chamber to conduct the Azerbaijan Chamber's trial deposition and to refresh its representative's

memory, if necessary. Specifically, the four document categories at issue[3] seek *representative*

*samples* of documents showing the number of the Azerbaijan Chamber's members, the

geographical reach of the Azerbaijan Chamber's trademarks, reflecting the Azerbaijan

Chamber's advertisements bearing its trademarks, and showing the publicity associated with the

Azerbaijan Chamber's trademarks.[4] (Exhibit F to Motion.) These documents will assist the

U.S. Hispanic Chamber to properly prepare for and conduct the trial deposition.

---

[3]    Because it could be construed in part as seeking discovery, the U.S. Hispanic Chamber
withdraws the fifth category of documents.

[4]    The document requests at issue in most of the cases cited in Movant's Motion
significantly differ from those in the U.S. Hispanic Chamber's subpoena and, thus, these cases
are inapposite. *See Mortgage Info. Svcs., Inc. v. Kitchens*, 210 F.R.D. 562 (W.D.N.C. 2002);
*Purital Inv. Corp. v. ASLL Corp.*, 1997 WL 793569 (E.D. Pa. 1997); *Dreyer v. GACS Inc.*, 204
F.R.D. 120 (N.D. Ind. 2001); *Grant v. Otis Elevator Co.*, 199 F.R.D. 673 (N.D. Okla. 2001);
*Alper v. United States*, 190 F.R.D. 281 (D. Mass. 2000). In other cases cited in the Motion, the
document requests at issue are neither stated verbatim, nor otherwise described, so these cases

An example of the types of documents that may be subpoenaed for a trial deposition in a

USPTO proceeding (such as this one) is provided in *Lie & Fung Ltd. v. L.W. Loyd Co.*, 143

U.S.P.Q. 117 (E.D. Tenn. 1964), which was also cited in Movant's Motion. In *Loyd*, a third-

party witness, the applicant's president, was deposed during the applicant's testimony period.

Following its cross-examination of the witness, the opposer subpoenaed the witness demanding

the production of certain documents discussed by the witness during cross-examination. The

applicant then filed a motion to quash in the district court from which the subpoena was issued

arguing, *inter alia*, that the subpoena was used for discovery purposes. The *Loyd* decision does

not contain the document requests included in the subpoena, so they cannot be compared to those

at issue here. However, the court rejected the proposition argued by Movant here and held:

> The Opposer is required to modify the number and description of documents and
> papers requested by identifying the very documents and papers about which [the
> witness] testified in his [testimony] deposition, and also any other papers or
> documents referred by [the witness] in his deposition ***which would validate,
> invalidate or clarify his testimony***.

*Id.* at 118-19 (emphasis added). As in *Loyd*, the U.S. Hispanic Chamber's very limited requests

seek documents that will validate, invalidate or clarify the witness' testimony. Under the holding

in *Loyd*, none of the requests constitutes "discovery," and the described documents could

properly be subpoenaed from the Azerbaijan Chamber in time for its trial testimony.[5]

---

are also inapposite. *See Dodson v. CBS Broad.*, 2005 U.S. Dist. LEXIS 30126; *McKay v.
Triborough Bridge & Tunnel Authority*, 2007 WL 3275918 (S.D.N.Y. 2007); *BASF Corp. v. Old
World Trading Co.*, 1992 WL 24076 (N.D. Ill 1992); *Rice v. United States*, 164 F.R.D. 545
(N.D. Okla. 1995).

[5]    If the U.S. Hispanic Chamber had issued a discovery subpoena to the Azerbaijan
Chamber, its document requests would be more numerous and broader in scope. The small
number and very careful "representative samples" wording of the U.S. Hispanic Chamber's
requests belie Movant's contention that the U.S. Hispanic Chamber is "conducting a fishing
expedition to find new material." (Motion at 6).

## III.  CONCLUSION

For the foregoing reasons, the U.S. Hispanic Chamber respectfully requests that

Movant's Motion be denied and that the U.S. Hispanic Chamber be awarded all attorneys' fees

and costs incurred in opposing the Motion.  A proposed Order is attached.

Dated:  February 28, 2008                    MANATT, PHELPS & PHILLIPS, LLP

                                             /s/
                                             _____
                                             Stephen L. Neal, Jr. (D.C. Bar No. 441405)
                                             Carly N. Van Orman (D.C. Bar No. 482864)
                                             MANATT, PHELPS & PHILLIPS, LLP
                                             700 12th Street, N.W.
                                             Suite 1100
                                             Washington, DC  20005-4075
                                             Tel.:  202-585-6500
                                             Fax:  202-585-6600
                                             sneal@manatt.com
                                             cvanorman@manatt.com

                                             *Counsel for The United States Hispanic Chamber of
                                             Commerce Foundation*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2008, a copy of the foregoing

Opposition to Motion to Quash, attached Exhibits, and proposed Order was served by email,

facsimile, and first-class mail upon:

> Edward T. Colbert, Esq.
> Erik C. Kane, Esq.
> Kenyon & Kenyon LLP
> 1500 K Street, NW, Suite 700
> Washington, DC 20005
>
> Counsel for the Chamber of Commerce of the United States of America

___/s/_____

Stephen L. Neal, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, <br><br> **Movant,** <br> v. <br><br> **UNITED STATES HISPANIC CHAMBER OF COMMERCE FOUNDATION,** <br><br> **Non-Movant.** | Civil Action No. 1:08-mc-00078 (HHK) <br><br> United States Patent and Trademark Office <br><br> Trademark Trial and Appeal Board <br><br> Opposition No.: 91/156,321 <br><br> Serial No.: 78/081,731 |

ORDER

Upon consideration of the Chamber of Commerce of the United States of America's (the "U.S. Chamber") Motion to Quash Trial Testimony Subpoena *Duces Tecum* (the "Motion"), the United States Hispanic Chamber of Commerce Foundation's (the "U.S. Hispanic Chamber") Opposition thereto, the argument of counsel, if any, and good cause having been shown, it is hereby

ORDERED, that the Motion is DENIED; and it is further

ORDERED, that the U.S. Chamber is to pay the U.S. Hispanic Chamber all attorneys' fees and costs incurred in opposing the Motion. Counsel for the U.S. Hispanic Chamber shall submit an Affidavit in support of this fee award within ten (10) days of entry of this Order.

Dated: March ___, 2008

_____
The Honorable Henry H. Kennedy
United States District Judge

Copies to:

Stephen L. Neal, Jr., Esq.
Carly N. Van Orman, Esq.
MANATT, PHELPS & PHILLIPS, LLP
700 12th Street, N.W.
Suite 1100
Washington, DC  20005-4075

Counsel for The United States Hispanic Chamber of Commerce Foundation

Edward T. Colbert, Esq.
Erik C. Kane, Esq.
Kenyon & Kenyon LLP
1500 K Street, NW, Suite 700
Washington, DC 20005

Counsel for The Chamber of Commerce of the United States of America

30206147.1

# Exhibit A

FEB 2 2 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, | ) ) ) |
| Movant, | ) ) ) |
| v. | ) Civil Action No. 1:08-mc-004 (LO/BRP) |
| UNITED STATES HISPANIC CHAMBER OF COMMERCE FOUNDATION, | ) ) ) ) |
| Non-Movant. | ) ) ) |

## ORDER

Before the Court is the Motion to Quash Trial Testimony Subpoena *Duces Tecum* filed by

the Chamber of Commerce of the United States (Docket Entry No. 1). For the reasons stated from

the bench, it is hereby

**ORDERED** that the Motion to Quash Trial Testimony Subpoena *Duces Tecum* is

**DENIED**.

Entered this 22nd day of February 2008.

/s/
_____
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

THE CHAMBER OF COMMERCE OF THE          :
UNITED STATES OF AMERICA,

                      :

               Opposer,          :          M-8-85

                      :

          - v -              :          MEMORANDUM AND ORDER

                      :

UNITED STATES HISPANIC CHAMBER OF
COMMERCE FOUNDATION,                     :

           Applicant.        :

------------------------------------x

McKENNA, D.J.,

      Opposer and Applicant are presently engaged in a proceeding before the United States Patent and Trademark Office Trademark Trial and Appeal Board ("TTAB"). Opposer moves for an order quashing five subpoenas duces tecum issued in this district to third parties.

      Some features of procedure before the TTAB must first be summarized. Proceedings before the TTAB are "in large part" governed by the Federal Rules of Civil Procedure. (TTAB Manual of Procedure ("TBMP"), Sections 101.01, 101.02. See also 37 CFR, Ch. I, Part 2, § 2.116(a).)[1] The TTAB sets opening and closing dates for the taking of discovery. (TBMP Section 403.1.) The discovery period expired more than 18 months ago. (Opposer's Mem., Feb. 13, 2008, at 5.) The TTAB proceeding is now within the post-

---

[1] Excerpts from the TBMP are annexed as Exhibit G to the Declaration of Brad Behar, dated February 13, 2008.

discovery period during which Applicant may offer testimony (which is done before the TTAB by filing transcripts of depositions).[2]

Applicant has caused five subpoenas to be issued in this district pursuant to Fed. R. Civ. P. 45 dated February 8, 2008, for depositions to be held on February 27 and 28, 2008, and documents described in categories to be produced in advance, on February 22, 2008.

Opposer claims that the subpoenas seek discovery, prohibited by the TTAB rules. Opposer does not object to the oral depositions of representatives of the subpoenaed parties.

The document production portions of the subpoenas, however, appear to be an attempt to obtain discovery. They call for quantities of a number of descriptions of documents which it is really difficult to imagine being offered in evidence in bulk, and, more importantly and a clear indication of intent, they seek production of the documents not at, but in advance of, the depositions.

Applicant argues that Opposer does not have standing to bring the present motion and that this Court does not have jurisdiction over this dispute (Sheehan Letter to Court, Feb. 20, 2008, at 1), on the ground that "the Movant is not in the possession of the requested documents, and does not allege any

---

[2] See Amended Stipulated Motion for Extension of Time, at 2 (Behar Decl., Feb. 13, 2008, Exh. D), granted by the TTAB in a communication dated Oct. 2, 2007. (Id. Exh. E.)

privilege or legitimate personal right that should be enforced to prevent the subpoenaed party from violating that privilege or right." (Id. (citations omitted).) That may be true in the usual subpoena to a third party situation, but the present situation is different.

Here, the complaint about the subpoenas is that they seek relief not permitted by the TTAB at this time.[3] Applicant has not suggested that the TTAB itself has any mechanism for providing a ruling on Opposer's position. Relief, rather, was properly sought in this Court. See 35 U.S.C. § 24.

Opposer's motion to quash the subpoenas is granted as to the subpoenas' document production provisions, but otherwise denied.

SO ORDERED.

Dated:   February 2/, 2008

Lawrence M. McKenna
U.S.D.J.
Part I

---

[3] It does not appear that Applicant has sought to obtain a change in the TTAB schedule, which this Court does not have authority to grant.

3